RME

# LEASE AGREEMENT

**THIS AGREEMENT OF LEASE** made and entered into at Wapakoneta, Ohio this 1st day of January, 2012, by and between RICHARD McCORMICK ENTERPRISES, LLC, hereinafter called "Lessor" and JMC MECHANICAL, INC., hereinafter called "Lessee."

**WITNESSETH:**

1. **PREMISES.** Lessor hereby leases unto the Lessee the following described premises: (See Exhibit A attached, 1st Floor Only).

2. **TERM.** The term of this Lease is for fifteen (15) years. The term shall begin on the 1st day of January, 2012 and shall end on the 31st day of December, 2027.

3. **RENT.** Lessor agrees to accept and Lessee agrees to pay the Lessor as and for the rent the sum of ($10,700.00) per month payable monthly in advance on or before the first day of each month during the term of this Lease, except that the first monthly rental payment shall be due on the 4th day of January, 2012.

4. **REPAIRS.** It shall be sole responsibility of the Lessee to maintain and make all necessary repairs and keep the buildings located on the premises in as good a state and condition as they exist upon occupancy, usual wear and tear excepted. Maintenance and repairs to the building include the interior as well as the exterior thereof.

5. **ALTERATIONS: UTILITIES.** Lessee further agrees that it shall at its own expense make any alterations in the buildings or grounds which may be necessary to meet the requirements of the Lessee. However, in making any of such alterations or repairs, the Lessee shall first submit said plans and specifications to Lessor for approval and in no

event may the repairs or alterations alter the physical structure of the buildings in any matter that will be detrimental or damaging to the premises. Lessee agrees to furnish at its own expense all heat, light, water power or any other utility used in or about the premises by the Lessee and agrees to save the Lessor harmless from any unpaid bills for such services.

6. **TAXES AND INSURANCE.** Lessee further agrees that it will, at its own expense, pay all taxes and assessments on the premises and keep the buildings thereon insured against loss by fire and extended coverage insurance in an amount equal to at least One Hundred Percent (100%) of the replacement value of the property. Lessee shall furnish to Lessor a certification of said insurance and in the event Lessee fails to keep the buildings insured as agreed herein, Lessor may at its own expense insure said buildings and in the event it is necessary for Lessor to pay said insurance, said insurance shall be added to the monthly rental and collected by the Lessor from Lessee.

7. **WAIVER OF SUBROGATION.** Lessor and Lessee hereby release each other from any and all other liability or responsibility to the other or anyone claiming through or under them by way of subrogation or otherwise for any loss or damage to property caused by fire or any of the extended coverage's even if such fire or other casualty shall have been cause by the fault of negligence of the party or anyone for whom such party may be responsible.

8. **HOLD HARMLESS.** Lessee further agrees to hold the Lessor harmless from any and all claim, damages or actions and to defend the same which shall be brought by anyone by reason of his being an agent or employed by or being an invitee or by anyone using said premises in connection with said Lessee or its business.

- 2 -

17-32318-maw    Doc 17-1    FILED 08/19/17    ENTERED 08/19/17 01:36:05    Page 2 of 6

9. **DESTRUCTION.** It is understood and agreed that should the premises or any substantial part thereof be destroyed by fire or other unavoidable casualty so as to render the premises unfit for the occupancy by Lessee that the Lessee shall have the obligation to use the insurance proceeds to replace the buildings so destroyed and place them in condition and for use and of the Lessee within a reasonable length of time following the destruction or in the event the said leased premises cannot be replaced within a reasonable period time the Lessee shall have the option of canceling this Lease and the proceeds of the insurance shall be paid to the Lessor. During the period that the premises are rendered untenantable as set forth above and the Lessee can restore the premises within a reasonable period of time, this Lease shall not be canceled and the rent shall be abated during the period of time which the Lessee in denied the use of said premises by reason of such destruction, repairs or replacement. During the period of reconstruction or repair or replacement, the Lessee may erect on the premises temporary buildings as may be needed and have the right to remove the same thereafter. In the event the premises are partially destroyed by fire or other unavoidable casualty so as to render only a portion of the premises unfit for occupancy, the Lessee shall restore the premises to their original condition preceding the destruction and a prorated rent shall be due and payable only for the portion of premises occupied. Said premises shall be restored within One hundred twenty (120) days following the partial destruction.

10. **LIABILITY INSURANCE.** Lessee as part of the consideration for this Lease agrees to maintain and obtain public liability insurance in an amount satisfactory to Lessor and to furnish Lessor a certificate of insurance showing said insurance in full force and effect and the amount thereof.

11. **FIXTURES.** Lessee shall have the right at its own expense to install such fixtures and equipment as it deems necessary for business purposes and shall have the right upon the termination of this Lease to remove the same so long as if any damages are incurred to the premises the same are repaired by Lessee.

12. **SUBLETTING.** The premises shall not be sublet by Lessee and Lessee shall not be permitted to assign this Lease without the prior written consent of Lessor in as good a condition as the same shall not relieve the Lessee of any of its liabilities and covenants under the terms and conditions of this Lease.

13. **SURRENDER OF PREMISES.** Lessee herein agrees that it will, at the termination of this Lease, surrender the premises to the Lessor in as good a condition as the same are now in usual wear and tear accepted, and that said Lessee will then vacate the same without the necessity of any action on the part of the Lessor to regain possession thereof.

14. **AUTOMATIC TERMINATION.** Should the Lessee or any successor or assign become bankrupt, make an assignment for the benefit of creditors or have said premises or their interest in this Lease levied upon or taken over under process of law or should it default under any of the terms and conditions of this Lease, then this Lease shall terminate and shall not pass to the assignee, trustee, receiver or any other officer appointed by any court or any legal proceeding but the tenancy shall immediately end and the premises shall revert to the Lessor herein and said Lessor in any such event shall have the right to immediately take possession of the premises, free and clear of any claim or interest of the Lessee, its successors, assigns, trustees, receiver or other court officer appointed in any court or proceedings. In case of default by Lessee under the terms and conditions of this Lease, the Lessor has the right to exercise any and all options granted

- 4 -

17-32318-maw    Doc 17-1    FILED 08/19/17    ENTERED 08/19/17 01:36:05    Page 4 of 6

herein in case of default and in the event same in snot immediately exercised the same shall not be construed as a waiver of any of its remedies under the terms and conditions of this Lease or other remedies permitted by law.

15. **QUIET ENJOYMENT.** Lessor covenants with the Lessee that it is the owner of the premises and has the right to enter into this Lease and as long as said Lessee occupies the premises in accordance with the terms and conditions of this Lease Lessee shall do so without any interference or hindrance by Lessor or anyone claming by through Lessor.

16. **INSPECTIONS.** Lessor shall have the right at all reasonable times to enter upon the premises for the purposes of inspecting same and shall have the right during the final two months of the term of the Lease to advertise the same for rent and to bring such prospective lessees upon the premises so long as the same do not interfere with the business of Lessee.

The parties have hereto set their hands to this Lease in duplicates as of the day and year first above written.

Signed in the presence of:	RICHARD McCORMICK ENTERPRISES, LLC

*Darrell Shoup*	BY *Richard McCormick*
                    	Richard McCormick, Managing Member "Lessor"

                    	JMC MECHANICAL, INC.
                    	BY _____
                    	Dean Klosterman, Vice President

STATE OF OHIO, COUNTY OF AUGLAIZE, SS:

The foregoing Lease was signed and acknowledged before me the Lessor, RICHARD McCORMICK ENTERPRISES, LLC. by Richard McCormick, its managing member, and by the Lessee, JMC MECHANICAL, INC., by Dean Klosterman, its Vice President, both of whom acknowledge that they did sign the said Lease and that the same is their free act and deed of said limited liability company and said corporation.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my official seal at Wapakoneta, Ohio this 1st day of January 2012.

_____
Notary Public – State of Ohio

KARA A. AHRENS
Notary Public, State of Ohio
My Commission Expires
May 1, 2016

- 6 -

17-32318-maw    Doc 17-1    FILED 08/19/17    ENTERED 08/19/17 01:36:05    Page 6 of 6