IN THE COURT OF COMMON PLEAS
AUGLAIZE COUNTY, OHIO

| | |
|---|---|
| FMI ENTERPRISES, LLC,<br><br>    Plaintiff,<br>vs.<br><br>RICHARD MCCORMICK ENTERPRISES, LLC et al.,<br><br>    Defendants. | Case No. 2017-CV-0030<br><br>Judge Frederick D. Pepple |

### PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

Plaintiff, FMI Enterprises, Inc. hereby moves this Court, pursuant to Rule 65 of the Ohio Rules of Civil Procedure, for the issuance of a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. As set forth in Plaintiff's Verified Complaint, Plaintiff will suffer immediate and irreparable harm if this Motion is not granted. A Memorandum in Support is attached.

Respectfully submitted,

_____
Peter W. Hahn (0070202) (phahn@dinsmore.com)
**DINSMORE & SHOHL LLP**
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Tel: (614) 227-4286
Fax: (614) 628-6890
*Attorney for Plaintiff*

## MEMORANDUM IN SUPPORT

### I. FACTUAL BACKGROUND[1]

The events that give rise to this action occurred in connection with the performance of a real estate lease (the "Lease") between FMI Enterprises, LLC ("FMI") and Richard McCormick Enterprises, LLC ("RME") at 9 Broadway Street, Wapakoneta, Ohio (the "Leased Premises").

FMI has engaged in the business of commercial construction and manufacturing for over six years. On or about August 1, 2016, FMI and RME entered into the Lease under which RME agreed to lease the Leased Premises to FMI for use as a fabrication shop. A copy of the Lease is attached to the Verified Complaint as Exhibit A. The term of the Lease commenced on August 1, 2016 and continues for a two-year period until July 31, 2018, unless sooner terminated as provided in the Lease.

The Lease includes "the entire building and all related structures surrounding the Premises, if not otherwise apart thereof, and all grounds, parking spaces, sidewalks and other common areas." FMI was required to prepay RME $240,000 as rent for the entire lease term plus additional assets. FMI has fully paid this amount to RME. Indeed, Article 6.01 of the Lease acknowledges that all rent has been "paid in full."

FMI intended to use the Leased Premises for business purposes as a fabrication shop. In addition, it is the location of certain pieces of equipment that was the subject of a General Assignment and Bill of Sale (the "Bill of Sale") from Defendant John McCormick to FMI dated June 1, 2016. The Bill of Sale (attached to the Verified Complaint as Exhibit B) identified certain assets and equipment that are essential to the operation of FMI's business. As part of the Bill of Sale, John McCormick assigned all of his interest in the assets to FMI, even though John

---

[1] The facts contained in this section are verified under oath in Plaintiff's Verified Complaint.

17-32318-maw    Doc 18-2    FILED 08/19/17    ENTERED 08/19/17 01:46:07    Page 2 of 7

McCormick had already pledged those assets to FMI as a capital contribution. All assets identified in the Bill of Sale, therefore, are 100% owned by FMI.

The assets identified in the Bill of Sale were supposed to have been located at the Leased Premises and should still be there. On February 10, 2017, however, Richard McCormick was seen removing FMI's equipment from the Leased Premises. FMI has not consented to the removal or use of any of its equipment, nor did FMI consent to Richard McCormick's entry into the Leased Premises. Upon information and belief, that equipment is now being used by unknown third parties without the authorization or consent of FMI.

John McCormick, Richard McCormick, and RME have repeatedly interfered with and obstructed FMI's attempts to gain access to its own Leased Premises and equipment. That interference with FMI's ability to conduct its business is immeasurable and irreparable.

## II. LAW AND ARGUMENT

It is well-established in Ohio that a party is entitled to injunctive relief on a showing that:

1. it has a strong or substantial likelihood or probability of success on the merits;
2. it will suffer irreparable harm unless the requested injunctive relief is granted;
3. the requested relief will not cause substantial harm to third parties; and
4. the issuance of the preliminary injunction will be in the public interest.[2]

Courts have recognized that no one of these factors is dispositive.[3] They must be balanced together with the "flexibility which traditionally has characterized the law of equity."[4]

---

[2] *Vanguard Transportation Systems, Inc. v. Edwards Transfer & Storage Co.*, 109 Ohio App. 3d 786, 790, 673 N.E.2d 182, 184 (Franklin County 1996).

[3] *City of Cleveland v. Cleveland Electric Illuminating Co.* (Ohio Ct. App. Cuyahoga Cty. 1996), 115 Ohio App. 3d 1, 14, 684 N.E.2d 343, 351, *citing Royal Appliance Mfg. Co. v. Hoover Co.* (N.D. Ohio 1994), 845 F. Supp. 469.

[4] *City of Cleveland*, 115 Ohio App. 3d at 14, 684 N.E.2d at 351, *quoting Friendship Materials, Inc. v. Michigan Brick, Inc.* (6th Cir. 1982), 679 F.2d 100, 105.

Here, the balance of each of these considerations strongly supports the injunctive relief FMI seeks.

> A. *FMI Has a Strong or Substantial Likelihood or Probability of Success on the Merits.*

The following seven facts cannot reasonably be disputed:

1. FMI and RME entered into a Lease for the Leased Premises.
2. FMI prepaid all rent under the Lease.
3. John McCormick sold FMI all of the assets identified in the Bill of Sale.
4. Those assets now belong to FMI.
5. Those asserts were stored inside the Leased Premises.
6. RME has denied FMI access to the Leased Premises.
7. RME has denied FMI access to FMI's assets in the Leased Premises.

Because these basic cannot be disputed, FMI has a high likelihood of success on the merits of its claim that it is wrongfully being denied access to the Leased Premises and assets. As evidenced by the terms of the Lease, FMI was to take possession of the "the entire building and all related structures surrounding the Premises, if not otherwise apart thereof, and all grounds, parking spaces, sidewalks and other common areas appended to the same" at the commencement of the Lease, August 1, 2016. Despite countless requests for access, RME and John McCormick have refused to provide FMI access to the Leased Premises. And then, Richard McCormick—who has absolutely no claim of ownership in either the Leased Premises or assets—unlawfully entered the Leased Premises and took FMI's equipment to an unknown location. RME has provided no refund of rent previously prepaid, no access to the Leased Premises, and no access to the equipment stored at the Leased Premises.

4

17-32318-maw    Doc 18-2    FILED 08/19/17    ENTERED 08/19/17 01:46:07    Page 4 of 7

### B. FMI Will Suffer Immediate and Irreparable Harm Without Immediate Injunctive Relief.

By refusing access to the Leased Premises that was leased for business purposes, Defendants are causing damages that cannot reasonably be calculated. Moreover, Richard McCormick is unlawfully removing FMI's equipment from the Leased Premises. Without injunctive relief, FMI is being deprived of the very thing for which it contracted with RME: the use of the Leased Premises and the equipment that it purchased through the Bill of Sale.

Loss of use of the Leased Premises—and any funds that could be generated by the intended business use of this Leased Premises —will result in a deteriorating financial condition for FMI that cannot be quantified. Moreover, FMI is without the use of the equipment that is currently being stored within the Leased Premises, as well as the property that is being unlawfully removed from the Leased Premises, which FMI intends to use for its business. That loss is also unquantifiable as FMI has now been deprived of the use of the Leased Premises and the equipment stored therein for a period of six months. As one court has held, "a preliminary injunction is an inappropriate remedy where the potential harm to the movant is strictly financial. <u>This is true as a general rule but an exception exists where the potential economic loss is so great as to threaten the existence of the movant's business.</u>"[5] Here, there is no doubt that FMI's business has been and will be significantly impacted if the Lease is not enforced. FMI must be permitted use the Leased Premises per the terms of the Lease and have access to the equipment purchased through the Bill of Sale for it to conduct its business.

---

[5] *Performance Unlimited v. Questar Publishers*, 52 F.3d 1373, 1382 (6th Cir. 1995) (emphasis added); *Roso-Lino Beverage Distributors, Inc. v. Coca-Cola Bottling Co.*, 749 F.2d 124, 125 (2nd Cir. 1984) (holding, "The loss of Roso-Lino's distributorship, an ongoing business representing many years of effort and the livelihood of its husband and wife owners, constitutes irreparable harm. What plaintiff stands to lose cannot be fully compensated by subsequent monetary damages.")

17-32318-maw    Doc 18-2    FILED 08/19/17    ENTERED 08/19/17 01:46:07    Page 5 of 7

In addition to putting FMI into a dire financial position, RME's and McCormick's interference with FMI's use of the Leased Premises and equipment have negatively impacted FMI's business and expansion plans, which cannot be quantified. The impact of this dispute on FMI's business reputation, good will, and presence in the local community is immeasurable.[6] Moreover, FMI's reputation in the construction industry will be significantly and negatively impacted, the effects of which are not readily quantifiable. Finally, the unlawful removal of FMI's equipment will cost immeasurable damage to FMI in locating and retrieving its equipment that has been converted.

Absent injunctive relief, FMI will suffer significant irreparable harm.

### C. *Injunctive Relief Will Not Cause Substantial Harm to Third Parties.*

The issuance of injunctive relief will not cause harm to Defendants or any other party. Indeed, the requested injunctive relief would simply enjoin the Defendants from further violations of law and require them to comply with the terms of the Lease and Bill of Sale. Certainly a party cannot be harmed for being made to comply with law and contract. And third parties will actually be protected by that relief as they will be prevented from receiving stolen property that lawfully belongs to FMI and any costs associated with returning the equipment that belongs to FMI. No parties, therefore, would be harmed by the requested relief. To the contrary, failure to issue injunctive relief will cause irreparable harm to FMI.

Furthermore, Defendants have benefited from FMI's performance under this Lease by the prepayment of the entire rent over the terms of the Lease, the Defendants' uncompensated use of the Leased Premises since August 1, 2016, and the equipment contained therein. There is no evidence or even suggestion that FMI has committed any wrongdoing.

---

[6] *Leaseway Distribution Centers v. DAS*, 49 Ohio App. 3d 99 (10th App. Dist. 1988) (variables affecting profits such as contract duration, business presence and reputation in the market make damages calculations difficult warranting injunctive relief); *Fischer Dev. Co. v. Union Twp.*, 12th App. Dist. Case No. 99-10-100, 2000 Ohio App. LEXIS 1873 (Matters concerning reputation can constitute irreparable harm for which there is no adequate remedy at law.)

6

### D. *Injunctive Relief is in the Public Interest.*

Precluding Defendants from continuing to interfere with FMI's legal rights is in the best interests of the public. The public obviously benefits when courts order parties to abide by contracts and enjoin them from engaging in conduct that unlawfully and inappropriately encroaches on the rights of others. That is especially true when, as here, the encroachment would affect the viability of a business. Defendants' conduct is not simply unlawful, it exhibits a blatant disregard for the legal rights of others. Society clearly benefits when persons engaging in unlawful, outrageous behavior are stopped.

### III. CONCLUSION

Because FMI will suffer immediate and irreparable harm if the Defendants are not enjoined from their pattern of wrongful and unlawful conduct, this Court should issue a temporary restraining order and a preliminary injunction barring the Defendants from interfering with FMI's access to and quiet enjoyment of the Leased Premises, as well as FMI's equipment, pending the resolution of this matter.

Respectfully submitted,

_____
Peter W. Hahn (0070202) (phahn@dinsmore.com)
**DINSMORE & SHOHL LLP**
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Tel: (614) 227-4286
Fax: (614) 628-6890
*Attorneys for Plaintiff*