```
                               United States Bankruptcy Court
                                  Northern District of Ohio
In re:                                                              Case No. 17-32318-maw
JMC Mechanical, Inc.                                                Chapter 7
         Debtor                       CERTIFICATE OF NOTICE
District/off: 0647-3           User: skrie                  Page 1 of 1                   Date Rcvd: Aug 14, 2018
                               Form ID: pdf701              Total Noticed: 12


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 16, 2018.
db             +JMC Mechanical, Inc.,    C/O Quentin M. Derryberry II, Attorney,    P.O. Box 2056,
                 Wapakoneta, OH 45895-0556
aty            +Quentin M. Derryberry, II,    PO Box 2056,   Wapakoneta, OH 45895-0556
24981453       +Darrell Shoup,    1602 St. Rt. 501,   Wapakoneta, OH 45895-7366
24981454       +Dean Klosterman,    15086 St. Rt. 116,   Saint Marys, OH 45885-9223
24981468       +Jeffrey P Limbert,    10096 Glynwod Dr,   Wapakoneta, OH 45895-7928
25265124       +John McCormick,    1864 Timarron Way,   Naples, FL 34109-3318
24981469        John T. McCormick,    1864 Timmerron Way,   Naples, FL 34109-3318
24981470       +Kara Ahrens,    1724 Goettemoeller,   Maria Stein, OH 45860-9739
24981472       +Kevin Ott,   7852 Glynwood Rd,    Wapakoneta, OH 45895-7920
25259363       +Kevin Ott,   07852 Glynwood Road,    Wapakoneta, Ohio 45895-7920
25263889       +Pam Ison,   Cincinnati Precision Machinery, Inc.,    9083 Sutton Place,
                 Hamilton, Ohio 45011-9316
24981501       +Waibel Energy Systems Inc,    815 Falls Creek Dr,   Vandalia, OH 45377-9695

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +Waibel Energy Systems Inc.,   815 Falls Creek Drive,    Vandalia, OH 45377-9695
                                                                                             TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 14, 2018 at the address(es) listed below:
              Quentin M. Derryberry, II   on behalf of Debtor   JMC Mechanical, Inc. qlaw@ureach.com,
               qdlawfirm@gmail.com
              Quentin M. Derryberry, II   on behalf of Attorney Quentin M. Derryberry, II qlaw@ureach.com,
               qdlawfirm@gmail.com
              Valerie M. Talkers   on behalf of Creditor   Waibel Energy Systems Inc. vtalkers@taftlaw.com,
               welcht@taftlaw.com;asmith@taftlaw.com;docket@taftlaw.com;tmaxwell@taftlaw.com
              William L. Swope   on behalf of Trustee William L. Swope trustee7@sbcglobal.net,
               wswope@ecf.epiqsystems.com
              William L. Swope    trustee7@sbcglobal.net,  wswope@ecf.epiqsystems.com
                                                                                             TOTAL: 5
```

**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 14 2018**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 17-32318 |
| | ) | |
| JMC Mechanical, Inc., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER APPROVING ABANDONMENT OF PERSONAL PROPERTY

This matter came before the court for further hearing on August 7, 2018, on the Chapter 7 Trustee's Notice of Proposed Abandonment of all Personal Property Pursuant to 11 U.S.C. § 554 ("Notice of Abandonment") [Doc. # 26], and Debtor's objection [Doc. # 27]. The Trustee, Debtor's attorney and Debtor's representative all appeared at the hearing in person. There was no appearance by or on behalf of any of Debtor's creditors. One creditor, Waibel Energy Systems Inc., filed an objection to the Trustee abandoning Debtor's personal property but later withdrew its objection. [Doc. ## 29, 34].

Based on the reasons that follow and those orally stated on the record at the August 7, 2018, hearing, Debtor's objection will be overruled for lack of standing, and the court will allow the Trustee to abandon Debtor's personal property.

**A. Debtor's Standing to Object**

Standing is "the threshold question in every federal case." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). "To satisfy Article III's standing requirement, a plaintiff must have suffered some actual or

threatened injury due to the alleged illegal conduct of the defendant; the injury must be 'fairly traceable' to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury." *Coal Operators and Assocs., Inc. v. Babbitt,* 291 F.3d 912, 916 (6th Cir.2002). Thus, the constitutional requirements for standing are proof of injury in fact, causation, and redressability. *Id.* In addition to the constitutional requirements, a plaintiff must also satisfy three prudential standing restrictions, one of which is that a party must "'assert [its] own legal rights and interests, and cannot rest [its] claim to relief on the legal rights or interests of third parties.'" *Id.* (quoting *Warth*, 422 U.S. at 499). The burden of establishing standing is on the party seeking federal court action. *Rosen v. Tennessee Comm'r of Fin. & Admin.*, 288 F.3d 918, 927 (6th Cir. 2002).

In this case, Debtor has failed to demonstrate that it would be injured in any manner if the Trustee abandons the personal property in the bankruptcy estate. Debtor argues only that the personal property is valuable and that the Trustee has an obligation to administer those assets for the benefit of creditors who have timely filed claims. However, as noted above, no creditor objects to abandonment of the personal property. Debtor's standing must be based upon its own rights and interests and not the interests of creditors.

While abandonment of all of Debtor's personal property will result in the Trustee filing a no asset report and, absent an appeal of this order, the case being closed, Debtor will be no worse off, as it is not entitled to a discharge in this case. *See* 11 U.S.C. § 727(a) (providing that '[t]he court shall grant the debtor a discharge, unless . . . the debtor is not an individual). When property is abandoned, it reverts to the debtor and stands as if no bankruptcy petition was filed. *In re Eurogas, Inc.*, 560 B.R. 574, 586 (Bankr. D. Utah 2016). And on abandonment, the personal property is no longer property of the estate. Debtor can take whatever action it is entitled to take for the benefit of its creditors, and creditors can take whatever action they are entitled to take to collect the debts owed them after the automatic stay has terminated.

For these reasons, and those stated at the hearing, Debtor's objection to the Trustee's Notice of Abandonment will be overruled based on Debtor's lack of standing to object.

**B. Abandonment**

Under 11 U.S.C. § 554(a), "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The Trustee proposes abandonment of all of Debtor's personal property as being unduly burdensome to the bankruptcy estate. The court finds that all parties entitled to notice of the proposed abandonment were

properly served with a copy of the Trustee's Notice of Abandonment. *See* Fed. R. Bankr. P. 6007(a).

The "business judgment rule" is the standard applied by courts reviewing a trustee's decision to abandon property of the estate. *In re Truong*, 557 B.R. 326, 340 (Bankr. D.N.J. 2016)*; In re de Hertogh*, 412 B.R. 24, 32 (Bankr. D. Conn. 2009). Under that standard, the court must find that the trustee made a business judgment in good faith, upon some reasonable basis, and within the trustee's scope of authority under the Bankruptcy Code. *In re Truong*, 557 B.R. at 340; *In re de Hertogh*, 412 B.R. at 32 (citing *In re Wilson*, 94 B.R. 886, 888–890 (Bankr. E.D. Va. 1989)). The court need not consider speculative factors when determining whether abandonment is appropriate under § 554(b). *In re Eurogas*, 560 B.R. at 585.

Debtor's bankruptcy estate includes no liquid assets. There is no dispute that Debtor's tangible personal property consists of sheet metal fabrication and plumbing equipment that was used by Debtor before it ceased operation in 2015. There is also no dispute that, except for one piece of equipment, a welder, the ownership of all of Debtor's tangible personal property is the subject of litigation commenced in Auglaize County, Ohio, Court of Common Pleas ("State Court") on February 13, 2017, by FMI Enterprises, LLC. All parties necessary for determining ownership of the property are parties in the State Court action.

On June 30, 2017, the State Court entered an Agreed Permanent Injunction Order ("Agreed Order") that, among other things, permanently restrains Debtor and its agents "from interfering with or obstructing FMI's access to and use of all personal property now or hereafter located on the Premises, which personal property the parties agree was owned by FMI before the Bill of Sale . . . and is still owned by FMI." [Doc. # 35, Ex. C]. The Agreed Order was signed by Jacqueline McCormick, Debtor's President. [*Id.*, p. 4]. The personal property referred to in the Agreed Order includes the tangible personal property that the Trustee proposes to abandon in this case and for which the Trustee has obtained an appraisal in the amount of $150,000.00. [*Id.*, Ex. F].

There is no question that any administration of the tangible personal property will require the Trustee to take on complex litigation in the State Court, challenging the ownership issue already determined by the State Court and admitted by Debtor's representative. Not only has the Trustee concluded, after reviewing the orders, pleadings and exhibits filed in the State Court action that the probability of his success in that litigation is unlikely, the bankruptcy estate has no liquid assets to fund the litigation. It is well settled that property may be burdensome to the bankruptcy estate despite retaining some value—especially when the assets at issue are embroiled in litigation. *See In re Van Winkle*, 583 B.R. 759, 774 (B.A.P. 10th Cir. 2018).

On these facts, the court finds that the Trustee has reasonably and in good faith exercised his business judgment in deciding to abandon Debtor's tangible personal property.

With respect to the accounts receivable, Debtor's accountant provided the Trustee with a one page summary of those accounts that is dated June 30, 2015. However, neither Debtor nor its accountant have any documentation supporting the summary that would allow the Trustee to pursue collection of any particular account. The court's order granting the Trustee's motion for turnover of records supporting the accounts receivable likewise resulted in no documentation becoming available. At least one entity that is included on the accounts receivable has indicated to the Trustee that it paid its account in 2015. Given the age of the accounts and the lack of any documentation supporting the accounts, the Trustee has also reasonably and in good faith exercised his business judgment in deciding to abandon Debtor's accounts receivable.

For all of the foregoing reasons and those stated at the August 7, 2018, hearing, good cause appearing,

**IT IS ORDERED** that Debtor's objection to the Trustee's Notice of Abandonment [Doc. # 27] be, and hereby is, **OVERRULED** for lack of standing; and

**IT IS FURTHER ORDERED** that the Trustee's abandonment of all of Debtor's personal property is hereby **ALLOWED.**

###

4