```
                        United States Bankruptcy Court
                          Northern District of Ohio
```

In re:                                                          Case No. 17-32318-maw
JMC Mechanical, Inc.                                            Chapter 7
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0647-3     User: skrie     Page 1 of 1     Date Rcvd: Aug 14, 2018
                 Form ID: pdf877     Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 16, 2018.
```
db         +JMC Mechanical, Inc.,   C/O Quentin M. Derryberry II, Attorney,   P.O. Box 2056,
             Wapakoneta, OH 45895-0556
aty        +Quentin M. Derryberry, II,   PO Box 2056,   Wapakoneta, OH 45895-0556
cr         +Waibel Energy Systems Inc.,   815 Falls Creek Drive,   Vandalia, OH 45377-9695
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                                                                   TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2018                                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 14, 2018 at the address(es) listed below:
```
              Quentin M. Derryberry, II    on behalf of Debtor    JMC Mechanical, Inc. qlaw@ureach.com,
               qdlawfirm@gmail.com
              Quentin M. Derryberry, II    on behalf of Attorney Quentin M. Derryberry, II qlaw@ureach.com,
               qdlawfirm@gmail.com
              Valerie M. Talkers    on behalf of Creditor    Waibel Energy Systems Inc. vtalkers@taftlaw.com,
               welcht@taftlaw.com;asmith@taftlaw.com;docket@taftlaw.com;tmaxwell@taftlaw.com
              William L. Swope    on behalf of Trustee William L. Swope trustee7@sbcglobal.net,
               wswope@ecf.epiqsystems.com
              William L. Swope    trustee7@sbcglobal.net,   wswope@ecf.epiqsystems.com
                                                                                             TOTAL: 5
```

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: August 14 2018

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 17-32318 |
| | ) | |
| JMC Mechanical, Inc., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**ORDER DENYING MOTION TO WITHDRAW AS COUNSEL**

This matter came before the court for hearing on the Motion to Withdraw as Counsel ("Motion") filed by Debtor's attorney, Quentin Derryberry II. [Doc. # 47]. Debtor's attorney and Debtor's representative appeared at the hearing in person.

The Local Bankruptcy Rules of the Northern District of Ohio provide that "[t]he withdrawal of an attorney of record shall be permitted only by the filing of a motion for withdrawal, a showing of good cause, and upon such terms as the court shall impose. The motion shall be served on the client and shall include the client's written consent or an explanation why the client's written consent was not obtained." LBR 2091.1(a). Although Debtor has not consented to counsel's withdrawal, the Motion is based upon the representation by Attorney Derryberry that a conflict of interest has developed requiring his withdrawal.

Local Bankruptcy Rule 2090-2(a) provides that attorneys admitted to practice in this Court shall be bound by the ethical standards of the Ohio Rules of Professional Conduct, so far as they are not inconsistent with federal law. Rule 1.7 of the Ohio Rules of Professional Conduct addresses conflicts of

interest with respect to current clients as follows:

> (a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:
>
> > (1) the representation of that client will be directly adverse to another current client;
>
> > (2) there is a *substantial* risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.

Without further elaboration, Attorney Derryberry states only that a conflict of interest has developed. He does not contend that his continued representation of Debtor in this case is adverse to another client and has presented to the court no basis for finding a substantial risk regarding his representation as described in Rule 1.7(a)(2). This case was filed July 23, 2017. Debtor owns no real estate, and there are no liquid assets in this case. By separate order, the court has overruled Debtor's objection to, and has allowed, the Trustee's abandonment of all of Debtor's personal property, which will result in the Trustee filing a no asset report and, absent an appeal of that order, the case being closed. The only issue remaining in the case will be advising Debtor as to whether to appeal the court's order allowing abandonment. Attorney Derryberry has presented no basis for finding that a conflict exists that would limit his ability to do so.

Based upon what has been presented to the court, for the foregoing reasons and those stated at the hearing, the court finds that Attorney Derryberry has failed to show good cause for withdrawing as counsel for Debtor.

**IT IS THEREFORE ORDERED** that the Motion to Withdraw as Counsel [Doc. # 47] be, and hereby is, **DENIED, without prejudice.**

###

2

17-32318-maw    Doc 55    FILED 08/16/18    ENTERED 08/17/18 00:22:51    Page 3 of 3